USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/26/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

EUNICE RAQUEL FLORES THOMAS, on behalf
of herself, individually, and on behalf of all others
similarly-situated,

                          Plaintiffs,

                  -against-

AAM HOLDING CORP. d/b/a FLASHDANCERS
GENTLEMEN'S CLUB, 59 MURRAY STREET
ENTERPRISES, INC. d/b/a FLASHDANCERS
GENTLEMEN'S CLUB, BARRY LIPSITZ,
individually, and BARRY LIPSITZ, JR.,
individually,

                          Defendants.

---

1:24-cv-7253 (MKV)

**OPINION AND ORDER
GRANTING DEFENDANTS'
MOTION TO STRIKE**

MARY KAY VYSKOCIL, United States District Judge:

Plaintiff Eunice Raquel Flores Thomas, on behalf of herself, individually, and on behalf of others similarly situated, ("Plaintiff"), filed this action against Defendants AAM Holding Corp. d/b/a Flashdancers Gentlemen's Club ("AAM"), 59 Murray Street Enterprises, Inc. d/b/a Flashdancers Gentlemen's Club ("59 Murray," or collectively, "Flashdancers"), Barry Lipsitz ("Lipsitz"), and Barry Lipsitz, Jr.  ("Junior"), (collectively, "Defendants") for (1) sex discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq*.  ("Title VII"), (2) sex discrimination in violation of the New York State Human Rights Law ("NYSHRL"), and (3) sex discrimination in violation of the New York City Human Rights Law ("NYCHRL").  [ECF No. 1, ("Compl.")].   Defendants now move to strike the class action allegations and claims from the Complaint pursuant to Rules 12(f) and 23(d)(1)(D) of the Federal Rules of Civil Procedure.  [ECF No.  20, ("Motion to Strike")].   For the reasons stated herein, Defendants' motion to strike is GRANTED.

**BACKGROUND**

**I.    Factual Background**

Defendants AAM and 59 Murray are New York corporations that operate two Manhattan-based gentlemen's clubs, both of which do business under the name "Flashdancers Gentlemen's Club" or "Flashdancers."  Compl. ¶ 27.  Defendants Lipsitz and Junior own AAM and 59 Murray and manage the operations and employees of Flashdancers.  Compl. ¶ 13.

Defendants employed Plaintiff as a dancer at both Flashdancers locations from September 2019 to July 2021.  Compl. ¶ 28.  Plaintiff claims that, throughout her employment, Defendants Lipsitz, Junior, and various hostesses at the direction of Defendants, demanded that she and all other dancers change clothing between shifts in a video-monitored room.  Compl. ¶ 29.  Plaintiff further alleges that the hostesses pressured her to have sex with Flashdancers' customers and made clear that refusing to do so would have adverse consequences on her employment.  Compl. ¶¶ 30–31.  Plaintiff expressed discomfort with this request on numerous occasions.  Compl. ¶¶ 31–32.  However, beginning in April 2021, after Plaintiff declined such requests, the hostesses avoided speaking or interacting with Plaintiff which made her job extremely difficult.  Compl. ¶ 31.

Defendant Junior held a meeting with Plaintiff, other dancers, and the hostesses, in which he noted that all dancers should comply with any and all services requested by a customer in the clubs' private rooms which were called "champagne rooms."  Compl. ¶ 36.  Plaintiff alleges that after one occasion where she was pressured to have sexual relations with a customer (who was also a close friend of Defendants Lipsitz and Junior), she subsequently refused to work in the clubs' champagne rooms.  Compl. ¶¶ 37–38.  Plaintiff alleges that her employment was constructively terminated at the end of July 2021.  Compl. ¶ 39.

## II.    Procedural History

Plaintiff initiated this action by filing the Complaint which alleges hostile work environment and *quid pro quo* sexual harassment in violation of Title VII, the NYSHRL, and the NYCHRL.  *See* Compl. ¶ 2.  Defendants answered, [ECF No. 16], and shortly thereafter, Defendants, with leave of the court, moved to strike the class action claims from the Complaint pursuant to Federal Rule of Civil Procedure 12(f) and Rule 23(d)(1)(D).  In support of their motion, Defendants filed a memorandum of law, [ECF No. 21, ("Defs. Mem.")], and a declaration of Jeffrey A. Kimmel with one exhibit [ECF No. 22, ("Kimmel Decl.,")].  Plaintiff opposed, [ECF No. 24, ("Pl. Opp.,")], and Defendants replied, [ECF No. 25, ("Defs." Reply.,")].

## <u>LEGAL STANDARD</u>

Under Rule 12(f) of the Federal Rules of Civil Procedure a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f); *see GEOMC Co., Ltd. v. Calmare Therapeutics Inc.*, 918 F.3d 92, 95 (2d Cir. 2019).[1]

Under Rule 23(d)(1)(D) of the Federal Rules of Civil Procedure the Court is vested "with the power to 'require that the pleadings be amended to eliminate allegations about representation of absent persons . . . .' " *Grant v. New York Times Co.*, 329 F.R.D. 27, 31 (S.D.N.Y. 2018) (quoting Fed. R. Civ. P. 23(d)(1)(D)).

"The moving party bears the burden on a motion to strike."  *Rich v. Miller*, 634 F. Supp. 3d 66, 71 (S.D.N.Y. 2022) (citing *Jablonski v. Special Couns., Inc.*, 2020 WL 1444933, at *3 (S.D.N.Y. Mar. 25, 2020)).  "In determining whether to grant the motion to strike, a court will

---

[1] A "pleading" is defined as "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer."  Fed. R. Civ. P. 7(a).

'deem the non-moving party's well-pleaded facts to be admitted, draw all reasonable inferences in the pleader's favor, and resolve all doubts in favor of denying the motion to strike.' " *Jujamcyn Theaters LLC v. Fed. Ins. Co.*, 659 F. Supp. 3d 372, 383 (S.D.N.Y. 2023) (quoting *Diesel Props S.r.L. v. Greystone Bus. Credit II LLC*, No. 07-CV-9580, 2008 WL 4833001, at *4 (S.D.N.Y. Nov. 5, 2008)). "Federal courts have discretion in deciding whether to grant motions to strike." *Holland v. Chase Bank USA, N.A.*, 475 F. Supp. 3d 272, 275 (S.D.N.Y. 2020); *accord Capri Sun GmbH v. American Beverage Corp.*, 414 F. Supp. 3d 414, 423 (S.D.N.Y. 2019) (quoting *Orientview Techs. LLC v. Seven For All Mankind, LLC*, No. 13-CV-0538, 2013 WL 4016302, at *3 (S.D.N.Y. Aug. 7, 2013).

## DISCUSSION

Defendants argue that Plaintiff "waived her right to bring any action on a class-wide basis" and therefore "the class claims must be stricken from the Complaint." Defs. Mem. at 1. In particular, Defendants argue that Plaintiff signed a Commission Sales Agreement ("CSA") in which she waived the right to bring claims on a class or collective basis. Defs. Mem. at 1. Plaintiff argues that Defendants' motion should be denied because it is premature and because limiting class actions for sexual harassment claims is against public policy. Pl. Opp. at 1.

As an initial matter, Plaintiff argues that limiting class actions for sexual harassment claims is against public policy and the Court should deny Defendants' motion to strike on those grounds. Pl. Opp. at 1, 8-10. Specifically, Plaintiff points to the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021 ("EFAA") which states that:

> Notwithstanding any other provision of this title, at the election of the person alleging conduct constituting a sexual harassment dispute or sexual assault dispute, or the named representative of a class or in a collective action alleging such conduct, no predispute arbitration agreement or predispute joint-action waiver shall be valid or enforceable with respect to a case which is filed under Federal,

4

> Tribal, or State law and relates to the sexual assault dispute or the sexual harassment dispute.

9 U.S.C. § 402. However, as Plaintiff acknowledges in her opposition brief, "the EFFA was enacted shortly after Plaintiff's claims accrued," Pl. Opp. at 8, and the caselaw within this district is clear that the EFFA does not retroactively apply to claims which accrued prior to March 3, 2022. *See Baldwin v. TMPL Lexington LLC*, No. 23-CV-9899, 2024 WL 3862150, at \*5 (S.D.N.Y. Aug. 19, 2024) ("Alleged claims must have accrued on or after March 3, 2022" because the EFAA "does not have retroactive effect.") (internal quotations omitted); *Edwards v. CVS Health Corp.*, 714 F. Supp. 3d 239, 248 (S.D.N.Y. 2024) ("Case law in the Second Circuit makes clear that the EFAA applies only to claims that accrued on or after March 3, 2022 (*i.e.*, the day President Biden signed the EFAA into law) and that the EFAA does not have retroactive effect."); *Johnson v. Everyrealm, Inc.*, 657 F. Supp. 3d 535, 550 (S.D.N.Y. 2023) (same). Since the EEFA does not apply to Plaintiff's claims, the Court will not deny the motion on the basis that pursuant to the EEFA it is against public policy and the Court will move on to determining if the motion is premature.

As a general matter, "[m]otions to strike are generally looked upon with disfavor," *Chenensky v. N.Y. Life Ins. Co.*, No. 07-CV-11504, 2011 WL 1795305, at \*1 (S.D.N.Y. Apr. 27, 2011), and "[m]otions to strike class allegations prior to class certification are even more disfavored." *Zachary v. BG Retail, LLC*, 716 F. Supp. 3d 339, 344 (S.D.N.Y. 2024) (internal quotations omitted). However, if the motion to strike addresses issues that are "separate and apart from the issues that will be decided on a class certification motion," *Chen-Oster v. Goldman, Sachs & Co.*, 877 F. Supp. 2d 113, 117 (S.D.N.Y. 2012), or if "it is clear that the putative class action claim will not proceed," *Bank v. CreditGuard of America*, No. 18-CV-1311, 2019 WL 1316966, at \*4 (E.D.N.Y. Mar. 22, 2019), the motion is not considered premature. *See Talarico v. Port Auth. of N.Y. & N.J.*, 367 F. Supp. 3d 161, 172 (S.D.N.Y. 2019) (Motions to strike, "however, may

be entertained if the inquiry would not mirror the class certification inquiry and if the resolution

of the motion is clear.") (internal quotations omitted); *see also Rahman v. Smith & Wollensky Rest.*

*Grp., Inc.*, No. 06-CV-6198, 2008 WL 161230, at *3 (S.D.N.Y. Jan. 16, 2008) (quoting 5 Moore's

Federal Practice § 23-145 (3d ed. 2007) ("However, where the basis for the motion to strike is

distinct from those factors, '[a] court may order deletion of portions of a complaint's class claims

once it becomes clear that the plaintiffs cannot possibly prove the deleted portion of those

claims.' ").

"One circumstance where striking the class allegations may be appropriate is where

a contractual waiver clearly precludes the possibility that a plaintiff's claim may be brought on a

class-wide basis." *See Collins v. Pearson Educ., Inc.*, 721 F. Supp. 3d 274, 290 (S.D.N.Y. 2024)

(quoting *Haymount Urgent Care PC v. GoFund Advance*, LLC, 635 F. Supp. 3d 238 (S.D.N.Y.

2022). Defendants urge that striking the class here is appropriate for this exact reason. In support

of their motion, Defendants submit a copy of the executed CSA with Plaintiff. *See* ECF No. 22-

1. The relevant class action waiver provision reads:

> The parties agree that all claims or disputes between the parties (and
> any other persons or entities associated or affiliated with the Club)
> will be litigated individually; Dancer understands and agrees that
> Dancer will not consolidate Dancer's claims with the claims of any
> other individual; will not seek class or collective action treatment
> for any claim that Dancer may have; and will not participate in any
> class or collective action against the Club or against any persons or
> entities associated or affiliated with the Club. If at any time Dancer
> is made a member of a class in any proceeding, Dancer will 'opt out'
> at the first opportunity. Should any third party pursue any claims on
> Dancer's behalf, Dancer shall waive Dancer's rights to any
> monetary recovery. Dancer hereby acknowledges that Dancer has
> read and understands Sections 6 and 7, as well as all the other
> Sections of this Agreement, and has been given the opportunity to
> ask questions and consult with an attorney**.**

ECF No. 22-1 § 7. In response, Plaintiff does not dispute that she voluntarily and knowingly

signed the CSA. Instead, Plaintiff vaguely argues that "there are many possible contractual

6

defenses to Defendants' waiver argument." Pl. Opp. at 6-7. Plaintiff goes on to argue that the waiver is unenforceable because Defendants materially breached the CSA by failing to pay Plaintiff and thus Defendants cannot enforce the CSA terms against Plaintiff. Pl. Opp. 6-7. In support, Plaintiff points to a separate wage and hour lawsuit that involved Plaintiff and Defendants, which Plaintiff ultimately settled and voluntarily dismissed with prejudice. *See Petry v. AAM Holding Corp. et al*, Case No. 22-CV-03110 at ECF No. 78.

This case is case is similar to *Mullo v. DoorDash, Inc.*, where Judge Caproni held that "plaintiffs' waived their right to participate in a class action" in a contractual agreement. In granting defendant's motion to strike, Judge Caproni noted that the plaintiffs did "not contest that they voluntarily signed" the agreement and instead the plaintiffs only "advance[d] a grab-bag of arguments to support their position that the class waiver is unenforceable as a matter of state contract law." No. 22-CV-2430, 2023 WL 1971897, at *3 (S.D.N.Y. Jan. 17, 2023) (granting defendant's motion to strike class allegations prior to the class certification stage). Similar to *Mullo*, here Plaintiff does not contest that she voluntarily signed the CSA but rather raises a "grab-bag" of vague and unsupported arguments that the CSA is unenforceable. *Id.* In particular, the Court is unpersuaded by Plaintiff pointing to a wage and hour lawsuit that Plaintiff voluntarily dismissed with prejudice to support some alleged breach of the CSA by Defendants.

Courts can and should enforce these contractual waivers by striking class allegations from complaints when the complaints fail to state any grounds upon which plaintiffs could plausibly pursue their claims through a class action. *See id.*; *see also Carovillano v. Sirius XM Radio Inc.*, No. 23-CV-4723, 2024 WL 3460040, at *8 (S.D.N.Y. July 18, 2024); *Davarci v. Uber Techs.*, 2021 WL 3721374, at *5 n.11, *15 (S.D.N.Y. Aug. 20, 2021) (striking the class allegations due to a contractual waiver); *Camilo v. Uber Techs., Inc.*, No. 17-CV-9508, 2018 WL 2464507, at *3

(S.D.N.Y. May 31, 2018) (striking class allegations pursuant to a class action waiver in plaintiff's agreement with Uber).  The wavier provision unambiguously requires Plaintiff to litigate her claims individually and prohibits her from pursuing class litigation.  Plaintiff does not dispute that she voluntarily or knowingly signed the CSA.  *See Mullo*, 2023 WL 1971897, at *3; *cf. Sullivan v. Study.com LLC*, No. 18-CV-1939, 2019 WL 1299966, at *6–7 (S.D.N.Y. Mar. 21, 2019) (denying motion to strike a class action claim as premature where plaintiff "is not alleged to have himself signed [the] agreement").  Thus, striking the class allegations and claims at this stage is appropriate.  Plaintiff may pursue her individual claims.

## CONCLUSION

For the reasons discussed above, IT IS HEREBY ORDERED that Defendants' motion to strike is GRANTED.  IT IS FURTHER ORDERED that on or before October 8, 2025 the parties shall submit a joint Proposed Case Management Plan and Scheduling Order and joint letter, as required by this Court's Individual Rules of Practice.  The documents should be filed on ECF and sent to this Court via email (in both PDF and Microsoft Word formats).  IT IS FURTHER ORDERED that the parties shall appear for an Initial Pre-Trial Conference on October 15, 2025 at 11:00 AM in Courtroom 18C of the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, New York.

The Clerk of Court is respectfully requested to terminate the motion pending at docket entry 20.

**SO ORDERED.**

Date: August 26, 2025
    New York, NY

                                      **MARY KAY VYSKOCIL**
                                      **United States District Judge**