**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Eunice Raquel Flores Thomas,

                            Plaintiff,

            -against-

AAM Holding Corp., et al.,

                            Defendants.

1:24-cv-07253 (MKV) (SDA)

**ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

Following a telephone conference with the parties, and for the reasons stated on the record, it is hereby ORDERED that Defendants' Letter Motion to compel (Defs.' 3/10/26 Ltr. Mot., ECF No. 42) is GRANTED IN PART and DENIED IN PART as follows:

1. Defendants' motion to compel documents responsive to Request No. 16 and information responsive to Interrogatory No. 19, relating to Plaintiff's medical records, is denied. Notwithstanding the allegations in paragraphs 53 and 61 of the Complaint (Compl., ECF No. 1, ¶¶ 53, 61), Plaintiff represented on the record during the telephone conference that she is seeking only garden variety emotional distress damages. Accordingly, she has not put her "entire physical and mental health at issue" and will not be required to produce documents relating to her medical treatment. *See Lyon v. Paramount Glob.*, No. 22-CV-09229 (JGLC), 2023 WL 6664554, at *1 (S.D.N.Y. Oct. 12, 2023) (quoting *Misas v. N.-Shore Long Island Jewish Health Sys.*, No. 14-CV-08787 (ALC), 2016 WL 4082718, at *4 (S.D.N.Y. July 25, 2016)) (denying motion to compel medical records based upon plaintiff's disavowal of non-garden variety emotional distress damages). However, Plaintiff's decision also "will impact both her

recovery and what she can testify to at trial." *See id.* at *2. Plaintiff will not be able to testify, for example, to the severe emotional distress of the kind alleged in the Complaint or the physical manifestations alleged in the Complaint and her recovery will be limited accordingly. *See Qorrolli v. Metro. Dental Assocs.*, 124 F.4th 115, 126 (2d Cir. 2024) (garden-variety claims generally merit $30,000.00 to $125,000.00 awards).

2. Defendants' motion is granted with respect to Interrogatory No. 20 only to the extent it seeks information permitted by Local Civil Rule 33.3(a) regarding the computation of damages.

3. Defendants' motion is denied with respect to the Interrogatory Nos. 21 through 24, which the Court finds are beyond the scope of Local Civil Rule 33.3. The Court finds that a request for production or a deposition is a more practical method of obtaining the information sought. *See* Local Civ. R. 33.3(b).

**SO ORDERED.**

Dated:   New York, New York
         March 19, 2026

_____
STEWART D. AARON
United States Magistrate Judge

2